# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beverly Jean Christian, | No. CV-20-00356-TUC-SHR (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On November 1, 2021, Magistrate Judge Leslie Bowman filed a Report and Recommendation ("R&R"), recommending the Court affirm the Commissioner's final decision. (Doc. 34.) The Magistrate Judge informed the parties they had fourteen days to file objections to the R&R, and an additional fourteen days to respond. (*Id.* at 15.) Plaintiff filed a timely objection (Doc. 35); the Commissioner did not file a response.

**I. Report and Recommendation Standard of Review**

Regardless of whether responses are filed, the Court must perform a de novo review of issues raised in an objection. *See* Fed. R. Civ. P. 72(b)(2)-(3) (requiring de novo review of objections, but not mandating a response); *see also* 28 U.S.C. § 636(b)(1)(C). The Commissioner did not respond to Plaintiff's objections, thus the Court performed a de novo review of this matter without the benefit of the Commissioner's position.

**II. Factual and Procedural History**

Plaintiff does not object to the Magistrate Judge's factual and procedural history. (Doc. 34 at 1-7.) The Court, therefore, adopts the factual and procedural history and will

not restate them here except as they relate to Plaintiff's objections.

**III. Standard of ALJ Review**

To determine whether a claimant is disabled, an ALJ must conduct a five-step evaluation. *See* 20 C.F.R. §§ 404.1520, 416.920. The burden first rests on a claimant to show the following: In step one, a claimant must show he has not engaged in substantial gainful activity since the alleged onset of disability. In step two, a claimant must demonstrate a severe impairment(s). For step three, a claimant must prove his alleged impairment(s) meets or equals the listed impairment(s). *See* 20 C.F.R. §§ 404.1520, 416.920. "If the claimant satisfies these three steps, then the claimant is disabled and entitled to benefits. If the claimant has a severe impairment that does not meet or equal the severity of one of the ailments listed[,] . . . the ALJ then proceeds to step four, which requires the ALJ to determine the claimant's residual functioning capacity (RFC) based on all the relevant evidence in the record, including impairments not classified as 'severe.'" *Dominguez v. Colvin*, 808 F.3d 403, 405 (9th Cir. 2015) (citing 20 C.F.R. § 416.920(a)(4)(iv)). The RFC reflects "the most the claimant can do, despite any limitations." *Id.* (citing 20 C.F.R. § 416.945(a)). "After developing the RFC, the ALJ must determine whether the claimant can perform past relevant work" under step five. *Id.* At step five, the burden shifts to the government, who must show "that the claimant could perform other work existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience." *Id.*; 20 C.F.R. §§ 404.1520, 416.920.

The ALJ's decision can only be reversed when it is not supported by substantial evidence or constitutes harmful legal error. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). "Substantial evidence means . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). On review, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's]

conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)).  The ALJ draws inferences, resolves conflicts in medical testimony, and determines credibility—not this Court.  *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984).  Therefore, the Court must affirm even when "the evidence admits of more than one rational interpretation." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

### IV: Plaintiff's Objections

#### a. Objection #1: Residual Functional Capacity (RFC)

First, Plaintiff appears to argue the Magistrate's R&R is incorrect because it does not address the ALJ's failure to consider mental limitations when evaluating Plaintiff's ability to perform sustained full-time work.  (Doc. 35 at 4-6.)  Plaintiff refers to treatment records and the opinions of her primary care provider and the examining psychological expert to support her claim that she suffered from anxiety, memory loss, depression, fatigue, mild cognitive defect, and a mood disorder.  (*Id.* at 6-7.)

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal citations and quotations omitted).

Here, as the Magistrate points out, the ALJ considered Plaintiff's mental impairments and concluded they were not severe.  (Doc. 34 at 1, 6, 9.)  The ALJ explicitly stated all the Plaintiff's "medically determinable physical [and] mental impairments" were considered when determining the RFC, and in an earlier section of his analysis, he gave a detailed explanation to support why Plaintiff only "had non-severe mental impairments." (Doc. 29-3 at 22, 26.)  In the earlier section, the ALJ acknowledged Plaintiff's bipolar disorder but noted it preceded the alleged disability date.  (Doc. 29-3 at 22.)  The ALJ also examined records demonstrating improvements to Plaintiff's depression and "memory

1  problems on multiple occasions, with reports of only some anxiety symptoms and word
2  finding issues." (Doc. 29-3 at 22.) Lastly, the ALJ referenced reports indicating Plaintiff
3  could perform daily living activities and socialize with her friends and neighbors. (Doc.
4  29-3 at 22.) Thus, there was substantial evidence supporting the ALJ considered Plaintiff's
5  mental limitations when determining her RFC. *See Aukland*, 257 F.3d at 1035.

6  Second, Plaintiff argues the Magistrate's R&R is incorrect and remand is necessary
7  because the ALJ excluded "all mental limitations" from the RFC. (Doc. 35. at 3-4.)
8  However, Plaintiff cites no authority, and the court is unaware of any, requiring an ALJ to
9  *always include* mental limitations in an RFC, rather than just consider them. In fact,
10 caselaw suggests otherwise. *See e.g., Jandrejack v. Saul*, 843 Fed. Appx 993, 994-95 (9th
11 Cir. 2021) (specific mental functional limitations not needed in RFC when the mental
12 impairments are non-severe and the medical evidence does not warrant including them);
13 *Medlock v. Colvin*, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016) ("[B]ecause
14 Plaintiff's mental impairments were not severe and did not cause any significant
15 impairment, the ALJ's RFC determination was proper.").

16 To the extent Plaintiff argues the RFC is not supported by substantial evidence
17 because it contains no mental limitations, the Court finds this argument unavailing. A non-
18 severe limitation by its very definition has nothing "more than a minimal limitation" on
19 Plaintiff's "ability to do basic work activities." 20 C.F.R. § 416.920a(d)(1). Furthermore,
20 a mild mental limitation can present "no significant interference with the ability to perform
21 basic work-related activities." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).
22 As discussed above, and by the Magistrate, there is substantial evidence showing Plaintiff's
23 mental limitations were overall not severe (Doc. 34 at 13-14), and the ALJ is only required
24 "to discuss and evaluate the evidence that supports his or her conclusion." *Lewis v. Apfel*,
25 236 F.3d 503, 513 (9th Cir. 2001). Thus, the Court agrees with the Magistrate Judge's
26 conclusion that substantial evidence exists to support the ALJ's conclusion that Plaintiff's
27 mental impairments were overall mild and did not need to be included in the RFC. (Doc.
28 29-3 at 26-31.)

### b. Objection #2: Treating Physician Evidence

Plaintiff also appears to argue the ALJ could not have concluded her RFC contained no mental limitations because her primary care provider and the examining physician in this case did not say she "had no mental limitation [affecting] her ability to work." (Doc. 35 at 10.) Plaintiff points to no authority, and the Court is unaware of any, holding an ALJ needs such testimony to exclude mental limitations from an RFC.

Instead, the record suggests this case involved conflicting medical opinions the ALJ needed to weigh. The Magistrate provided a detailed analysis confirming the ALJ gave "specific and legitimate reasons," supported by substantial evidence, to give less weight to Plaintiff's treating physician and examining physician and more weight to the non-examining consultant. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (ALJ must provide "specific and legitimate reasons . . . supported by substantial evidence" to reject an examining physician's opinion when there are contradictory medical opinions.). The Court has reviewed the record and concludes the Magistrate's rationale and recommendations on this matter are sufficient, so they are adopted. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Contrary to Plaintiff's suggestion, the ALJ did not simply discredit Plaintiff's complaints with support from his own observations. (Doc. 35 at 10.) The ALJ gave the non-examining consultant's opinion—that Plaintiff only had non-severe mental impairments—more weight because it was "an extremely thorough evaluation and was consistent with the objective evidence." (Doc. 29-3 at 23.) This included medical reports showing Plaintiff benefited from treatment, showed improving symptoms, possessed the capacity to perform daily living activities, and possessed the capacity to socialize with friends and neighbors.[1] (Doc. 29-3 at 22.) Because the ALJ weighed the evidence based

---

[1] Plaintiff cites to several cases to seemingly discredit "improvement with medication." (Doc. 35 at 9-10). *See e.g., Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *Jackson v. Comm'r SSA*, No. 3:15-cv-00404-HZ, 2016 U.S. Dist. LEXIS 55797, at *7 (D. Or. Apr. 26, 2016). However, these cases concluded it is error for an ALJ to pick out isolated instances of improvement out of context, without looking at the overall progress or severity of a claimant's situation. *See Garrison*, 759 F.3d at 1017; *Jackson v. Comm'r SSA*, No. 3:15-cv-00404-HZ, 2016 U.S. Dist. LEXIS 55797, at *7. Because there is substantial evidence supporting the ALJ relied on Plaintiff's overall progress here, rather

on the record before it and concluded Plaintiff's mental limitations were overall mild and would not affect her ability to work, there is no error.  Therefore, the Court concludes the ALJ's determination is supported by substantial evidence, and the Magistrate's conclusions are valid.

Accordingly,

**IT IS ORDERED:**

(1) Magistrate Judge Leslie A. Bowman's Report and Recommendation is ADOPTED. (Doc. 34.)

(2) The findings of the Commissioner are AFFIRMED.

(3) The Clerk of the Court shall enter judgment accordingly and close the file in this case.

Dated this 21st day of January, 2022.

Honorable Scott H. Rash
United States District Judge

---

than a few isolated incidents, there is no error.  (Doc. 29-3 at 20-25.)